JASON J. BACH
Nevada Bar No. 7984
**THE BACH LAW FIRM, LLC**
7881 West Charleston, Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LOEHR, | Civil Action No. |
| *Plaintiff,* | **COMPLAINT**<br>**(Jury Demanded)** |
| v. | |
| COLONIAL VAN LINES INC, a Florida profit corporation, DOES I-X; *and* ROE CORPORATIONS XI-XX, *inclusive,* | |
| *Defendants.* | |

COMES NOW, Plaintiff, JAMES LOEHR ("Plaintiff" or "Mr. Loehr"), by and through his undersigned counsel, and hereby complains and alleges against the above-named Defendants, COLONIAL VAN LINES INC ("Colonial"), Does, and Roe Corporations (collectively, "Defendants"), based upon knowledge, information and a reasonable belief derived therefrom, and represents as follows:

### INTRODUCTION

Plaintiff brings this action asserting violations under the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706, *et seq.*, and related federal common law.

The action captioned above involves the overcharge, hostage, loss, and damage that Defendants caused to Plaintiff's property, damage incurred due to Defendants' negligence, and the replacement costs and consequential damages sustained as a result of Defendants' actions. Pursuant to an Estimate/Order for Service and Bill of Lading for interstate carriage, Defendants packed and picked up the shipment of his cargo at Plaintiff's residence in Wilmington, North Carolina, and were

to safely store the goods and timely deliver the shipment to Plaintiff's new residence in Reno, Nevada after completion of construction in February 2023. However, when items were delivered, it was discovered that many of Plaintiff's possessions were damaged, destroyed, lost, and/or stolen.

Accordingly, Plaintiff now petitions this Court for redress in the form of damages, costs and reasonable attorney's fees.

## PARTIES

1.     Plaintiff, JAMES LOEHR, currently is a resident of the State of Nevada, County of Washoe.

2.     Defendant, COLONIAL VAN LINES INC, is a Florida profit corporation doing business in the State of Nevada, and, upon information and belief, across the country.

3.     Defendants Does I-X, inclusive (collectively, the "Doe Defendants," and together with Colonial), are individuals who may be liable for damages with the named Defendants on the allegations set forth in this Complaint. Plaintiff may seek leave of Court to amend this Complaint to reflect the true names and identities of the Doe Defendants when known.

4.     Defendants Roe Corporations XI-XX (collectively, the "Roe Defendants"), inclusive, are corporate entities that may be liable for damages with the named Defendants on the allegations set forth in this Complaint. Plaintiff may seek leave of the Court to amend this Complaint to reflect the true names and identities of the Roe Defendants when known.

5.     At all relevant times, Defendants conducted business within the State of Nevada, including common carriage and delivery of cargo, and the provision of services related thereto. Defendants issued bills of lading and receipts for the carriage of cargo to the State of Nevada, and/or controlled equipment moving in and out of the State of Nevada, improperly and wrongfully stored Plaintiff's goods in the State of Nevada, were involved in substantial and not isolated activities in the State of Nevada, had agents or agency in the State of Nevada, breached contracts and committed torts within the State of Nevada, and are subject to jurisdiction of this Court.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as this action arises from the carriage of goods in interstate commerce and is governed

by federal statutes; including, but not limited to, the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706, *et seq*. (the "Carmack Amendment"), and federal common law related thereto.

7.    Venue is proper in the District of Nevada pursuant to 49 U.S.C. §§ 14706(d)(1) and 14706(d)(2) in that the claims arose in this district, and Defendants are motor carriers that conduct business in this judicial district.

8.    Costs and attorney's fees are sought.

## GENERAL FACTUAL ALLEGATIONS

9.    On or about February 23, 2022, Mr. Loehr contracted with Colonial to move his household goods and belongings from his North Carolina home between April 1-2, 2022, and deliver these items to his home in Reno, Nevada, between February 2-14, 2023.  Colonial would keep Mr. Loehr's belongings in storage while his home was being built in Reno, and then deliver those items once the construction was complete.  Colonial provided an estimate totaling $18,578.71, and Mr. Loehr paid an initial deposit of $3,255.81.  On March 28, 2022, Colonial informed Mr. Loehr that he had to pay an additional deposit of $628.55 for additional items such as mattresses and a dresser, which he paid immediately.

10.    On April 1, 2022, Mr. Loehr paid another deposit of $8,712.98 to Colonial.  On April 3, 2022, Colonial picked up Mr. Loehr's belongings from North Carolina.  Colonial provided Mr. Loehr with a bill of lading documenting that Reno, Nevada was the final destination but did not identify a specific address.

11.    Over the course of the next several months employees of Colonial expressed confusion as to the delivery date of Mr. Loehr's possessions and even their location.  At times, Colonial informed Mr. Loehr that his possessions were being stored in North Carolina, Los Angeles, and Carson City.

12.    Mr. Loehr repeatedly asked Defendants to provide the specific location of his household goods so that he could verify they were being properly stored.  Defendants did not provide specific warehouse information, could not verify the final weight of the shipment, or the condition of his possessions.

13.    Upon the completion of Mr. Loehr's new home in Reno, arrangements were made with Colonial to deliver the household goods on February 15, 2023.  The final bill was $5,651.79, which Mr. Loehr paid by credit card over the telephone.  Mr. Loehr paid a total of $18,249.13 to Colonial for their moving services.

14.    On February 15, 2023, Colonial moved Mr. Loehr's belongings to his home in Reno.  However, multiple problems occurred.  Many items were missing despite everything allegedly being removed from the storage site.  Approximately 30 boxes were not delivered and remain missing. Only one of the five wardrobe boxes for which Mr. Loehr was charged, but not listed on the bill of lading, was delivered.  This resulted in a large loss of clothing, some of which had sentimental value.  Many items also were damaged beyond repair, which included leather furniture that had moving pads adhered to them and other furniture that had warped thereby indicating the Loehrs' belongings were not stored in a climate-controlled setting as assured by Colonial.  Other broken items included a wooden card table, a shelf, and numerous plates, bowls, and glasses.  The items in the cardboard boxes packed by Mr. Loehr arrived undamaged, but the boxes packed by Colonial were barely intact upon arrival.  Four shoeboxes of silver were also missing, despite the driver hauling those in his cab when he left Mr. Loehr's residence in North Carolina.

15.    Aside from damaged and missing items, Mr. Loehr's belongings had no inventory tags, making it unclear exactly how many boxes are missing.  Without inventory tags, Mr. Loehr is not sure of all items that are missing.  Additionally, some of the boxes Colonial delivered contained items that do not belong to Mr. Loehr or his wife.

16.    Upon information and belief, employees or agents of Defendants stole all or some of Mr. Loehr's missing property or their intentional misconduct resulted in these items being lost along with other items being damaged.

17.    After numerous communications with Defendant, Mr. Loehr's missing property was not found.  On March 6, 2023, Mr. Loehr filed a claim with Defendants for his missing and damaged property.

18.    Despite submitting a valid claim, Defendants have refused to pay Plaintiff anywhere near the amount of damage that they caused.

## FIRST CAUSE OF ACTION
### *AGAINST ALL DEFENDANTS*
***Pursuant to the Carmack Amendment of the Interstate Commerce Commission Termination Act of 1995 (49 U.S.C. § 14706, et seq.)***

19.    Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

20.    Defendant Colonial is a "carrier" pursuant to 42 U.S.C. § 13102.

21.    Defendants' actions, as described above, constitute acts or omissions that are actionable pursuant to the Carmack Amendment and federal common law related thereto.

22.    As a direct and proximate result of the above-described actions and omissions of Defendants, which constitute a violation of the Carmack Amendment, Plaintiff has suffered injury and damages all in an amount to be determined at trial.

23.    As a result of Defendants' conduct, Defendants have caused Plaintiff to incur attorney's fees and, thus, Plaintiff is entitled to an award of attorney's fees pursuant to 49 U.S.C. § 14704(e).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

## RELIEF REQUESTED

***WHEREFORE***, Plaintiff prays that this Honorable Court enter judgment in favor of him, and against the Defendants, jointly and severally, for the following relief:

1.    For general compensatory, special, and consequential damages in an amount to be determined at trial.

2.    For pre-judgment interest.

3.    For ancillary damages; including, but not limited to, attorney's fees and the costs and disbursements of this action.

4.    For any other equitable or legal relief that the Court deems appropriate.

///

///

DATED this 1st day of November, 2023.

**THE BACH LAW FIRM, LLC**

By  _/s/ Jason J. Bach_
    Jason J. Bach
    Nevada Bar No. 7984
    7881 West Charleston, Suite 165
    Las Vegas, Nevada 89117
    Telephone: (702) 925-8787
    Facsimile: (702) 925-8788
    Email: jbach@bachlawfirm.com
    _Attorney for Plaintiff_